UNITED STATES DISTRICT COURT
Southern District of Indiana

| | |
|---|---|
| EDWARD C. SNUKIS, JR. and <br> SAMANTHA SNUKIS, <br> Co-Administrators of the Estate of <br> Edward C. Snukis <br><br> Plaintiffs <br><br> vs. <br><br> CITY OF EVANSVILLE, INDIANA; <br> MATTHEW O. TAYLOR, in his individual <br> capacity as an Evansville police officer; <br> TREVOR KOONTZ, in his individual <br> capacity as an Evansville police officer; and <br> NICHOLAS HACKWORTH, in his <br> individual capacity as an Evansville police officer <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:21−cv−00135−TWP−MPB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER APPROVING**
**AMENDED CASE MANAGEMENT PLAN**

**I.** **Parties and Representatives**

   **Plaintiffs:**

   A.    EDWARD C. SNUKIS, JR. and SAMANTHA SNUKIS, Co-Administrators of the Estate of Edward C. Snukis

   B.    Mark E. Miller, Attorney No. 10458-82
        Mark Miller Law Office
        915 Main Street – Suite 203
        P.O. Box 3009
        Evansville, IN 47730
        mmiller@indianalawonline.com
        Phone: (812) 303-3444

        Rick A. Cory
        DANKS & DANKS
        1010 Sycamore Street
        Evansville, IN 47708
        (812) 426-1000
        Attorneys for Plaintiffs

**Defendants:**

A.     CITY OF EVANSVILLE, INDIANA, MATTHEW O. TAYLOR, TREVOR KOONTZ, and NICHOLAS HACKWORTH

B.     Keith W. Vonderahe
        Clifford R. Whitehead
        Robert L. Burkart
        Bernard Lobermann, IV
        ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
        P.O. Box 916
        Evansville, IN 47706-0916
        Phone: (812) 424-7575
        Fax: (812) 421-5089
        E-mail: kvonderahe@zsws.com; cwhitehead@zsws.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.     The Court has subject matter jurisdiction of this case under 28 U.S.C. §1331 (federal question jurisdiction) because Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988(a) to vindicate rights guaranteed by the Constitution, statutes, and common law of the United States of America. The Court has supplemental jurisdiction to adjudicate Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

B.     This Complaint arises out of the personal injury and wrongful death of Edward C. Snukis ("Ed") on September 13, 2019, at the hands of officers of the City of Evansville Police Department (the "EPD").  On September 13, 2019, at approximately 7:44 PM, a 911 call was placed by an employee of D-Patrick Honda located at 4300 E. Division St., Evansville, Indiana. The 911 caller indicated that Ed was "hanging around" and "appears to be impaired." The 911 caller indicated that Ed was standing out by the D-Patrick Collision center sign at Indiana and Congress near the road and that the caller was "afraid that he is going to get hit." The 911 caller did not indicate that Ed was violent, armed, or had committed any crime.  The Defendants attacked Ed from the moment they arrived on the scene, grabbing him, tasering him multiple times, chasing him, laying on top of him, repeatedly striking him in the head, back, and shoulders while at the same time applying unreasonable and unnecessary positional and compressive force to him as he lay face down on the ground even after he had stopped breathing and become unresponsive.  Ed did nothing to provoke the assault. Once subdued and handcuffed, the Defendants had a duty to properly monitor Ed's breathing and pulse and to provide him with immediate medical care and

       request emergency medical assistance. Instead, the Defendants left Ed handcuffed face down on the ground for several minutes without any medical care or assistance. As a direct and proximate result of the Defendants' actions, omissions, and deliberate indifference, Ed suffered severe physical pain, injury, emotional distress, mental anguish, untimely and wrongful death.  Plaintiffs bring this action for damages and injunctive relief under 42 U.S.C. §§ 1983 and 1988(a) to vindicate rights guaranteed by the Constitution, statutes, and common law of the United States of America.  Plaintiffs also assert claims under state common law and statutes for negligence, assault, battery, intentional infliction of emotional distress, respondeat superior, and wrongful death.

    C.     Plaintiffs' claims arise in the context of Defendants performing law enforcement duties and any injury suffered by Edward C. Snukis was the result of his actions. Defendants acted consistent with applicable law and have immunity from any liability.

### III.   Pretrial Pleadings and Disclosures

    A.     The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before January 10, 2022.

    B.     Plaintiffs shall file preliminary witness and exhibit lists on or before January 17, 2022.

    C.     Defendants shall file preliminary witness and exhibit lists on or before January 24, 2022.

    D.     All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before August 30, 2022.

    E.     Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before February 14, 2022. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

    F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 7, 2023.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 25, 2023; or if Plaintiffs have disclosed no experts, Defendants shall make their expert disclosure on or before May 25, 2023.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before July 19, 2023. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before June 23, 2023. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties believe that a substantial volume of ESI will not be produced in the case. The information anticipated to be sought in discovery in the case includes electronically stored information and records of the City of Evansville, Evansville Police Department, and their agents and employees, including but not limited to reports, data, audio and video recordings, images, statements, and other documents. ESI will be produced in native format (including metadata) or PDF. The parties agree to the following claw back provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the

       privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Defendants believe this case is appropriate for summary judgment, as the actions of the Defendants were in furtherance of valid law enforcement duties and the use of force was reasonable in light of the circumstances and Defendants are entitled to immunity from liability as a result thereof.

B. On or before March 31, 2023, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

    __X__ Track 2: Dispositive motions are expected and shall be filed by May 19, 2023; non-expert witness discovery and discovery relating to liability issues shall be completed by March 31, 2023; expert witness discovery and discovery relating to damages shall be completed by June 30, 2023. All remaining discovery shall be completed by no later than August 4, 2023.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

V.  **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. A settlement conference is set for July 19, 2023, at 1:00 p.m. (CST) in Room 328 of the Winfield K. Denton Federal Building, Evansville, Indiana. The Final Pretrial Conference is set for August 16, 2023, at 3:00 p.m. (EST) in Room 330, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

VI. **Trial Date**

A trial date is currently set to begin on September 11, 2023, in Room 301 of Winfield K. Denton Federal Building, Evansville, Indiana. [Dkt. 65.]

VII. **Referral to Magistrate Judge**

   A.  **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

   B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3.     Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.     A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

       3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

       4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

None.

**READ AND APPROVED:**

*/s/ Mark E. Miller*
Mark E. Miller, Attorney No. 10458-82
Mark Miller Law Office
915 Main Street – Suite 203
P.O. Box 3009
Evansville, IN 47730
Phone: (812) 303-3444

Rick A. Cory
DANKS & DANKS
1010 Sycamore Street
Evansville, IN 47708
Phone: (812) 426-1000

Attorneys for Plaintiffs

*/s/ Clifford R. Whitehead*
Robert L. Burkart, #16664-82
Keith W. Vonderahe, Attorney #21908-82
Clifford R. Whitehead, Attorney #28836-41
Bernard Lobermann, IV #36886-49

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
P.O. Box 916
Evansville, IN 47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089

Attorneys for Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT  .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

By the Court: _____

Served electronically on all ECF-registered counsel.